IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PHILLIP LINDNER, | |
| Plaintiff, | |
| v. | No.: _____ <br> Judge: _____ |
| JAYDEN PARKER LANGFORD, and <br> CHARLES FREEMAN | **JURY DEMAND** |
| Defendants. | |

## COMPLAINT

COMES NOW, the Plaintiff, PHILLIP LINDNER, and he sues the Defendants, JAYDEN PARKER LANGFORD and CHARLES FREEMAN, and for causes of action would show unto this Honorable Court as follows:

1. The Plaintiff, Phillip Lindner, is a citizen and resident of McMurray, Pennsylvania.

2. The Defendant, Jayden Parker Langford, is a citizen and resident of Foley, Alabama, residing at 16882 Fedar Drive, Foley, Alabama 36535.

3. The Defendant, Charles Freeman is a citizen and resident of Summerdale, Alabama, residing at 234 Lake Front Circle, Summerdale, Alabama 36580.

4. Jurisdiction is founded upon diversity of citizenship, 28 U.S.C. § 1332. The amount in controversy is in excess of $75,000.00.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because the wreck giving rise to this action occurred in Sevier County, Tennessee.

6. On December 15, 2020, the Plaintiff was driving in his vehicle while traveling Southbound on State Route 66 (Winfield Dunn Parkway) in Sevier County, Tennessee.

7. On December 15, 2020, Defendant, Langford, was driving a vehicle also traveling Southbound on State Route 66 (Winfield Dunn Parkway) in Sevier County, Tennessee.

8. On December 15, 2020, Defendant, Langford, was driving a sports utility vehicle owned by the Defendant, Freeman.

9. On December 15, 2020, Defendant, Langford, was operating said vehicle with the permission, authority, knowledge, and consent of the owner, Defendant, Freeman.

10. On information and belief, on December 15, 2020, Defendant, Langford, was an employee of Defendant, Freeman.

11. On information and belief, at all times material hereto, Defendant, Langford, was an agent and employee of Defendant, Freeman.

12. On December 15, 2020, Defendant, Langford, at the time of the wreck, as hereinafter alleged, was engaged in the course and scope of his employment with Defendant, Freeman.

13. On December 15, 2020, before the wreck as hereinafter alleged, Defendant, Langford, was traveling the same direction as Plaintiff, behind Plaintiff's vehicle, but in a different lane than Plaintiff.

14. On December, 15, 2020, suddenly and without warning, Defendant, Langford, violently crashed into the rear of Plaintiff's and also into the rear of another vehicle that was traveling in the lane next to Plaintiff's lane.

15. On December 15, 2020, the Defendants' vehicle slammed into the rear of the Plaintiff's vehicle causing the damages and injuries as hereinafter alleged.

16. Immediately prior to the wreck, on December 15, 2020, Defendant, Langford, was following too closely and improperly.

2

17. Prior to the wreck, on December 15, 2020, Defendant, Langford, was traveling at an excessive rate of speed under the conditions at the time.

18. Prior to the wreck, on December 15, 2020, Defendant, Langford, was not keeping a proper lookout.

19. The force of the impact caused the Plaintiff's vehicle to violently be thrown forward before coming to a stop.

20. The wreck on December 15, 2020 was the fault of Defendants.

21. After the wreck on December 15, 2020, Defendant, Langford, stated to Plaintiff words to the effect of "I'm sorry," and "I shouldn't have done that" because he came into Plaintiff's lane of travel, while speeding and following too closely.

22. The Plaintiff avers that the Defendant, Langford, was negligent in the following particulars, to-wit:

    (a)    Operating a vehicle in a reckless manner.

    (b)    Failing to keep a proper lookout.

    (c)    Failing to keep his vehicle under control, in disregard to the Plaintiff and others lawfully using the highway.

    (d)    Following too closely.

    (e)    Following improperly.

    (f)    Improper lane change.

    (g)    Using a cell phone while driving.

    (h)    Traveling at an excessive speed for the conditions then and there pertaining.

All of which singularly and combined were the direct, prime, principle, and proximate cause of the Plaintiff's losses and damages as hereinafter enumerated.

23. The Plaintiff avers that the Defendants are also guilty of negligence per se by violating the following statutes of the State of Tennessee as contained in Tennessee Code Annotated, and that said violations were the direct, prime, principle, and proximate cause of the Plaintiff's losses and damages, to-wit:

| | |
|---|---|
| Tenn. Code Ann. § 55-8-124 | Following too closely. |
| Tenn. Code Ann. § 55-8-152 | Speed Limits. |
| Tenn. Code Ann. § 55-8-136 | Drivers to exercise due care. |
| Tenn. Code Ann. § 55-8-123 | Driving on roadways laned for traffic. |
| Tenn. Code Ann. § 55-10-205 | Reckless driving. |
| Tenn. Code Ann. § 55-8-199 | Use of cell phones while driving. |

All of which singularly and combined were the direct, prime, principle, and proximate cause of the Plaintiff's losses and damages as hereinafter enumerated.

24. The Plaintiff was without fault in the premises, and, at all times, was in the exercise of due care for his own safety.

25. If Defendant, Langford, is found to be negligent in this case, then Defendant, Freeman, is liable under the doctrine of *respondeat superior*, and principles of agency.

26. At the time of the wreck, Defendants were subject to the provisions of Tenn. Code Ann. § 55-10-311.

27. At the time of the wreck, Defendants were subject to the provisions of Tenn. Code Ann. § 55-10-312.

28. At all times material hereto, Defendant, Langford, knew or should have known that his conduct was in conscious disregard of the substantial and unjustifiable risks of serious injury to other drivers, such as Plaintiff.

4

29. At all times material hereto, Defendants' conduct described herein constitutes a gross deviation from the standard of care that an ordinary person would exercise under the circumstances.

30. The Defendants acted intentionally and/or recklessly sufficient to justify the imposition of substantial punitive damages.

31. The Defendants are jointly and severally liable to the Plaintiff.

32. As a proximate result of the negligence of the Defendants, the Plaintiff received injuries, incurred medical bills and will continue to incur the same, suffered and will continue to suffer great pain of body and mind, emotional distress, and diminution in the enjoyment of life, and he sustained permanent injury.

WHEREFORE the Plaintiff prays for judgment against the Defendants for compensatory damages, punitive damages, plus their costs and expenses, and they demand a jury to try this cause with the issues joined.

RESPECTFULLY SUBMITTED this the 23rd day of November, 2021.

THE BURKHALTER LAW FIRM, P.C.

David A. Burkhalter, II, BPR #004771
D. Alexander Burkhalter, III, BPR #033642
Zachary J. Burkhalter, BPR#035956
Attorneys for Plaintiff
P.O. Box 2777
Knoxville, Tennessee 37901
(865) 524-4974