# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE NORTHERN DIVISION AT KNOXVILLE

**PHILLIP LINDER,**

    Plaintiff

vs.

    No: 3:21-cv-396

**JAYDEN PARKER LANGFORD and CHARLES FREEMAN,**

    Defendants

## ANSWER OF DEFENDANT CHARLES FREEMAN

Comes the defendant, Charles Freeman (hereinafter "Defendant Freeman") and responds to the Complaint filed against him as follows:

1. Defendant Freeman is without sufficient information to admit or deny the averments of paragraph 1 and demands strict proof thereof.

2. Defendant Freeman admits the averments of paragraph two, with the exception the spelling of Mr. Langford's address which should be 16882 Feder Drive.

3. Defendant Freeman admits the averments of paragraph three.

4. Defendant Freeman is without sufficient information to admit or deny the averments of paragraph number 4 and demands strict proof thereof.

5. Defendant Freeman admits the averments of paragraph 5.

6. Upon information and belief, Defendant Freeman admits the averments of paragraph 6.

7. Upon information and belief, Defendant Freeman admits to the averments of paragraph 7.

8. In response to the averments of paragraph 8, Defendant Freeman admits that on December 15th, 2020, defendant Jayden Parker Langford was driving a Nissan Xterra owned by Defendant Freeman.

9. Defendant Freeman admits the averments of paragraph number 9.

10. Defendant Freeman denies the averments of paragraph 10.

11. Defendant Freeman denies the averments of paragraph 11.

12. Defendant Freeman denies the averments of paragraph 12.

13. Defendant Freeman is without sufficient information to admit or deny the averments of paragraph number 13 and demands strict proof thereof.

14. Defendant Freeman is without sufficient information to admit or deny the averments of paragraph number 14 and demands strict proof thereof.

15. Defendant Freeman is without sufficient information to admit or deny the averments of paragraph number 15 and demands strict proof thereof.

16. Defendant Freeman is without sufficient information to admit or deny the averments of paragraph number 16 and demands strict proof thereof.

17. Defendant Freeman is without sufficient information to admit or deny the averments of paragraph number 17 and demands strict proof thereof.

18. Defendant Freeman is without sufficient information to admit or deny the averments of paragraph number 18 and demands strict proof thereof.

19. Defendant Freeman is without sufficient information to admit or deny the averments of paragraph number 19 and demands strict proof thereof.

20. Defendant Freeman denies the averments of paragraph 20 as directed to him and demands strict proof thereof.

21. Defendant Freeman is without sufficient information to admit or deny the averments of paragraph number 21 and demands strict proof thereof.

22. Defendant Freeman is without sufficient information to admit or deny the averments of paragraph number 22 and demands strict proof thereof.

23. Defendant Freeman denies the averments of paragraph 23 as directed to him and demands strict proof thereof.

24. Defendant Freeman is without sufficient information to admit or deny the averments of paragraph number 24 and demands strict proof thereof.

25. Defendant Freeman denies the averments of paragraph 25 and demands strict proof thereof.

26. Defendant Freeman denies the averments of paragraph 26 and demands strict proof thereof.

27. Defendant Freeman denies the averments of paragraph 27 and demands strict proof thereof.

28. Defendant Freeman denies the averments of paragraph 28 and demands strict proof thereof.

29. Defendant Freeman denies the averments of paragraph 29 and demands strict proof thereof.

30. Defendant Freeman denies the averments of paragraph 30 and demands strict proof thereof.

31. Defendant Freeman denies the averments of paragraph 31 and demands strict proof thereof.

32. Defendant Freeman denies the averments of paragraph 32 and demands strict proof thereof.

33. In further response to the Complaint, Defendant Freeman denies plaintiff is entitled to punitive damages but further moves the Court to sever any issue of punitive damages from the initial trial of this cause.

34. Defendant Freeman further avers that any recovery to which the plaintiff may prove he is entitled is subject to the limitations and restrictions of T.C.A 29-39-101*et seq*.

35. Any averment not heretofore admitted, explained or denied is hereby denied and placed at issue.

36. Defendant Freeman reserves the right to amend his response to allege affirmative defenses which may be discovered during the pendency of this cause.

**WHEREFORE, AND NOW HAVING FULLY ANSWERED** plaintiffs' Complaint, Defendant Freeman moves the Court to dismiss him from this cause or in the alternative demands a jury of twelve to try the remaining issues.

Respectfully submitted this, the 30th day of December, 2021.

*/s/ Beverly D. Nelms*
Beverly D. Nelms (BPR No. 16055)
**FRANTZ, MCCONNELL & SEYMOUR, LLP**
550 W. Main Street, Suite 500
Knoxville, TN 37902
Email: bnelms@fmsllp.com
(865) 546-9321
Attorney for Charles Freeman and Jayden Parker Langford

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and exact copy of the foregoing document has been served this 30th day of December, 2021, upon all counsel or parties as listed below at interest in this cause by delivering a true and exact copy to the offices of said counsel or parties or by placing a copy in the United States mail addressed to said counsel or parties at his/her office, with sufficient postage to carry it to its destination, or by special overnight courier; if the foregoing document has been electronically filed with the Court, this service has been made only upon counsel or parties to whom the Court does not furnish electronic copies of filings.

David A. Burkhalter, II, Esq.
The Burkhalter Law Firm
111 S. Central Street
P. O. Box 2777
Knoxville, TN  37901

D. Alexander Burkhalter, III, Jr., Esq.
The Burkhalter Law Firm
111 S. Central Street
P.O. Box 2777
Knoxville, TN  37901

Zach Burkhalter, Esq.
The Burkhalter Law Firm
111 S. Central Street
P. O. Box 2777
Knoxville, TN  37901

        */s/ Beverly D. Nelms*
        Beverly D. Nelms
        **FRANTZ, McCONNELL & SEYMOUR, LLP**

S:\WDOX\Clients\85\101501\ANSWERS\02353359.DOCX