IN THE EASTERN STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

PHILLIP LINDNER,                )
                                )
        Plaintiff,              )        No.:   3:21-CV-396
                                )        Judge: Crytzer/Poplin
v.                              )
                                )        JURY DEMAND
JAYDEN PARKER LANGFORD          )
                                )
        Defendant.             )

---

## PLAINTIFF'S MOTIONS IN LIMINE

---

COMES NOW, the Plaintiff, by and through counsel, and in accordance with the Scheduling Order, hereby submits his Motions In Limine and hereby requests this Honorable Court to order Defendant, or its counsel or witnesses, including Defendant's specially retained expert witness, from testifying about, introducing evidence about, and/or mentioning at any time, the following:

**Motion in Limine No. 1**:    Any testimony, argument, comment, or evidence that in any way would suggest or imply that the Defendant was not 100% at fault for this wreck, including but not limited to any assertion that "Plaintiff appeared to speed up" or that the vehicle (driver) in front of him "slammed on its brakes." *See* Fed. R. of Evid. 401, 402, and 403.

**Motion in Limine No. 2**:    Any testimony, argument, comment, or evidence that make any mention or reference to insurance or Pennsylvania no-fault, including as may appear on medical bills or in medical records. *See* Fed. R. of Evid. 401, 402, and 403.

**Motion in Limine No. 3**:    Any testimony, argument, comment, or evidence that Plaintiff had been arrested for and/or pled guilty to Driving Under Influence in 1995. *See* Fed. R.

of Evid. 401, 402, and 403.

**Motion in Limine No. 4**:     As this Court is aware, Fed. R. of Civ. P. 26(a)(2)(B) make it clear that where a party intends to use an expert "retained…to provide expert testimony" then the party must provide:

> **(B)** *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, <u>this disclosure must be accompanied by a written report--prepared and signed by the witness</u>--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. <u>The report must contain</u>:
>
> > **(i)** <u>a complete statement of all opinions the witness will express and the basis and reasons for them</u>;
> >
> > **(ii)** the facts or data considered by the witness in forming them;
> >
> > **(iii)** any exhibits that will be used to summarize or support them;
> >
> > **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;
> >
> > **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> >
> > **(vi)** a statement of the compensation to be paid for the study and testimony in the case.
>
> Rule 26(a)(2)(B) Fed. R. Civ. P. (emphasis added).

In this case, the Defendant's retained expert, Dr. O'Brien, should be precluded from offering any opinions that are not specifically set forth <u>in his written signed report</u> that was furnished to Plaintiff's counsel. (Dr. O'Brien's Report is attached to Plaintiff's Memorandum in Support of the Motions in Limine as <u>Exhibit B</u>).

**Motion in Limine No. 5**:     Any testimony, argument, comment, or evidence by Defendant's retained expert, Dr. O'Brien, stating his opinion based on his interpretation of photographs that the impact on Plaintiff's vehicle was "minor" or that are based on hearsay

opinions or comments in the Crash Report, and any and all such statements as included in the expert report should be excluded. (*See* Exhibit B to Plaintiff's Memorandum in Support of the Motions in Limine).

**Motion in Limine No. 6**:    Any exhibits listed in Defendant's retained expert, Dr. O'Brien's report, that are not specifically identified, and/or that are not properly authenticated, and/or that are hearsay, should not be admitted into evidence. (*See* Exhibit B to Plaintiff's Memorandum in Support of the Motions in Limine).

**Motion in Limine No. 7**:    Any testimony, argument, comments or evidence referencing insurance payments to Plaintiff and/or receipt of benefits from collateral sources, and/or the amounts thereof.

RESPECTFULLY SUBMITTED this 6th day of January, 2023.

**THE BURKHALTER LAW FIRM, P.C.**

s/David A. Burkhalter, II
David A. Burkhalter, II, TN BPR #004771
D. Alexander Burkhalter, III, TN BPR #033642
Zachary J. Burkhalter, TN BPR #035956
Attorneys for Plaintiff
P.O. Box 2777
Knoxville, Tennessee 37901
(865) 524-4974

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing document was served upon counsel of record via the Court's Electronic Filing System, this the <u>6th</u> day of January, 2023.

<u>s/David A. Burkhalter, II</u><br>David A. Burkhalter, II